# EXHIBIT A

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA

DALE HINKLEY

vs.

WALMART SUPERCENTER #2068

NO. 2026-03669

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Bucks County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: Matthew Segal, Esq., ID: 334205

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit** ☐ Yes ☒ No

**MDJ Appeal** ☐ Yes ☒ No

**Money Damages Requested** ☒

**Commencement of Action**:

Complaint

**Amount in Controversy**:

More than $50,000

## Case Type and Code

Tort:

Premises Liability

**Other:**

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

______________________ County

| **For Prothonotary Use Only:** | TIME STAMP |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking

| Lead Plaintiff's Name: DALE HINKLEY | Lead Defendant's Name: WALMART SUPERCENTER #2068 |
|---|---|
| **Are money damages requested?** ☒ **Yes** ☐ **No** | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☐ **Yes** ☒ **No** | **Is this an *MDJ Appeal*?** ☐ **Yes** ☒ **No** |

Name of Plaintiff/Appellant's Attorney: MATTHEW SEGAL, ESQUIRE

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5. Cover Sheet**

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii) actions for support, Rules 1910.1 et seq.

(iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

**MORGAN & MORGAN, PLLC**
**Matthew Segal, Esquire**
Matthew.segal@forthepeople.com
Identification No. 334205
One Commerce Square
2005 Market Street, Suite 600
Philadelphia, PA 19103
215-576-4914 (Phone)
267-780-2914 (Fax)

**Attorney for Plaintiff**

| | |
|---|---|
| **DALE HINKLEY**<br>52 KINGAPPLE LANE<br>LEVITTOWN, PA 19055<br>Plaintiff,<br>v.<br>**WALMART SUPERCENTER #2068**<br>180 LEVITTOWN CENTER<br>LEVITTOWN, PA 19055<br>&.<br>**WALMART STORES EAST LP**<br>702 SOUTH WEST 8TH STREET<br>BENTONVILLE, AR 72716<br>&.<br>**JOHN DOE 1-10**<br>Defendants. | BUCKS COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>No.<br><br>COMPLAINT |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. E-Filed by: Matthew Segal, Esq.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Bucks County Bar Association
LAWYER REFERRAL & INFO.
135 East State Street
Doylestown, PA 18901
(215) 348-9413

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Asociacion de Licenciados de Bucks County
Servicio de Referencia e Informacion
135 East State Street
Doylestown, PA 18901
(215) 348-9413

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Dale Hinkley (hereinafter "Plaintiff") is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart Supercenter #2068, is a business entity doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this Complaint, which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, and the sidewalk thereon, located at or near 180 Levittown Center, Levittown, PA 19055 (hereinafter "Premises").

3. Defendant, Walmart Stores East, LP, is a business entity doing business in the Commonwealth of Pennsylvania with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, the exit and sidewalk that leads outside to the online grocery pick up area.

4. Defendant, John Doe 1-10 is a fictious individual and/or commercial entity whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information; Defendant JD is averred to be a fictious name of the entity which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, and the sidewalk thereon.

5. At all times material hereto, the above identified defendants (hereinafter collectively referred to as the "Defendants") acted by and through its agents (actual, express,

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

implied, apparent, ostensible, or otherwise), servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives for the care, control, and/or safety of the Premises in whole or in part, and the streets and/or bike lane thereon.

6. On or about October 10, 2025, Plaintiff, Dale Hinkley, was an invitee, licensee, and/or otherwise legally on the Premises when, as a result of the negligence and/or carelessness of the Defendants, jointly and/or severally, and individually and/or by and through their respective agents, servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives, the Plaintiff was caused to trip and fall due to dangerous and/or defective conditions on the Premises including but not limited to the exit and/or sidewalk just outside the doorway that leads to the area where customers pick up their groceries from online grocery pick up orders.

7. As a direct and proximate result of Defendants negligent and/or careless conduct, jointly and/or severally, as described elsewhere in this Complaint, Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: left ankle sprain; left ankle pain, swelling, ecchymosis, tenderness, and instability; injury to the peroneal tendon of the left foot; complete tear of the left peroneus brevis tendon; high-grade near-complete tear of the left peroneus longus tendon; left foot pain; posterior tibial tendon dysfunction requiring surgical repair; post-operative pain, edema, decreased range of motion, decreased strength, impaired gait and impaired weight-bearing; and related functional limitations requiring immobilization, assistive devices, surgery, and physical therapy.and any other ills and injuries, all to Plaintiff's great loss and detriment.

8. As a result of these injuries, all of which are to Plaintiff's great financial detriment

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite amount of time.

9. As an additional result of the negligence and/or carelessness of the Defendants, jointly and/or severally Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

10. Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred and may in the future incur medical, rehabilitative, and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

11. As a further result of the injuries sustained, the Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

## COUNT I
### Dale Hinkley v. Walmart Supercenter #2068
### Personal Injury

12. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

13. The negligence and/or carelessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

consisted of the following:

a) failing to maintain the apparent exits, sidewalks and outdoor areas of the Premises in a reasonably safe condition;
b) failing to warn persons, such as Plaintiff, of the presence of the dangerous change in height variation from the concrete on the Premises;
c) failing to exercise reasonable care for the safety of the Plaintiff;
d) permitting and allowing Plaintiff, and other similarly situated people to traverse the area of Plaintiff's incident when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;
e) failing to undertake sufficient inspections of the Premises for dangerous conditions;
f) failing to provide sufficient warning to Plaintiff of the raised and/or uneven, and/or broken and/or defective concrete and other dangerous conditions on the exits, sidewalks, and outdoor areas of the Premises;
g) appreciating the likelihood that Plaintiff, or other persons, would utilize the apparent exits, sidewalks, and outdoor areas of the Premises, despite knowledge that the raised and/or uneven, and/or broken and/or defective concrete and/or other dangerous conditions on the apparent exits, sidewalks, and outdoor areas would pose a significant risk of serious bodily injury to Plaintiff and other individuals;
h) creating and permitting to exist a dangerous and/or defective and/or hazardous condition on the Premises that posed a serious risk of harm to Plaintiff and other persons;
i) failing to discover unsafe conditions on the Premises which posed an unreasonable risk to Plaintiff and other persons upon inspection of the Premises;
j) failing to remedy unsafe conditions on the Premises despite having sufficient time to do so; and
k) disregarding unsafe conditions on the Premises, including the apparent exits, sidewalks, and outdoor areas, that posed an unreasonable risk of harm to Plaintiff and other persons, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

**WHEREFORE**, Plaintiff, **Dale Hinkley**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

**COUNT II**
**Dale Hinkley v. Walmart Stores East, LP**

**Personal Injury**

14. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

15. The negligence and/or carelessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to maintain the apparent exits, sidewalks and outdoor areas of the Premises in a reasonably safe condition;
b) failing to warn persons, such as Plaintiff, of the presence of the dangerous change in height variation from the concrete on the Premises;
c) failing to exercise reasonable care for the safety of the Plaintiff;
d) permitting and allowing Plaintiff, and other similarly situated people to traverse the area of Plaintiff's incident when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;
e) failing to undertake sufficient inspections of the Premises for dangerous conditions;
f) failing to provide sufficient warning to Plaintiff of the raised and/or uneven, and/or broken and/or defective concrete and other dangerous conditions on the exits, sidewalks, and outdoor areas of the Premises;
g) appreciating the likelihood that Plaintiff, or other persons, would utilize the apparent exits, sidewalks, and outdoor areas of the Premises, despite knowledge that the raised and/or uneven, and/or broken and/or defective concrete and/or other dangerous conditions on the apparent exits, sidewalks, and outdoor areas would pose a significant risk of serious bodily injury to Plaintiff and other individuals;
h) creating and permitting to exist a dangerous and/or defective and/or hazardous condition on the Premises that posed a serious risk of harm to Plaintiff and other persons;
i) failing to discover unsafe conditions on the Premises which posed an unreasonable risk to Plaintiff and other persons upon inspection of the Premises;
j) failing to remedy unsafe conditions on the Premises despite having sufficient time to do so; and
k) disregarding unsafe conditions on the Premises, including the apparent exits, sidewalks, and outdoor areas, that posed an unreasonable risk of harm to Plaintiff and other persons, despite having knowledge of the same, and having

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

sufficient time to remedy the unsafe conditions.

**WHEREFORE**, Plaintiff, **Dale Hinkley,** demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**COUNT III**
**Dale Hinkley v. John Doe 1-10**

**Personal Injury**

16. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

17. The negligence and/or carelessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to maintain the apparent exits, sidewalks and outdoor areas of the Premises in a reasonably safe condition;
b) failing to warn persons, such as Plaintiff, of the presence of the dangerous change in height variation from the concrete on the Premises;
c) failing to exercise reasonable care for the safety of the Plaintiff;
d) permitting and allowing Plaintiff, and other similarly situated people to traverse the area of Plaintiff's incident when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;
e) failing to undertake sufficient inspections of the Premises for dangerous conditions;
f) failing to provide sufficient warning to Plaintiff of the raised and/or uneven, and/or broken and/or defective concrete and other dangerous conditions on the exits, sidewalks, and outdoor areas of the Premises;
g) appreciating the likelihood that Plaintiff, or other persons, would utilize the apparent exits, sidewalks, and outdoor areas of the Premises, despite knowledge that the raised and/or uneven, and/or broken and/or defective concrete and/or other dangerous conditions on the apparent exits, sidewalks, and outdoor areas would pose a significant risk of serious bodily injury to Plaintiff and other individuals;
h) creating and permitting to exist a dangerous and/or defective and/or hazardous

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

condition on the Premises that posed a serious risk of harm to Plaintiff and other persons;

i) failing to discover unsafe conditions on the Premises which posed an unreasonable risk to Plaintiff and other persons upon inspection of the Premises;

j) failing to remedy unsafe conditions on the Premises despite having sufficient time to do so; and

k) disregarding unsafe conditions on the Premises, including the apparent exits, sidewalks, and outdoor areas, that posed an unreasonable risk of harm to Plaintiff and other persons, despite having knowledge of the same, and having sufficient time to remedy the unsafe conditions.

**WHEREFORE**, Plaintiff, **Dale Hinkley**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**MORGAN & MORGAN, PLLC**

Dated: June 4, 2026 **By:** /s/ Matthew Segal________

**Attorney for Plaintiff**

Case# 2026-03669-0 - JUDGE:47 Received at County of Bucks Prothonotary on 06/05/2026 8:53 AM, Fee = $292.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Matthew Segal, Esq.

## VERIFICATION

I, Dale Hinkley, hereby state that I am the Plaintiff, that I have reviewed the foregoing document, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

6/4/2026 | 2:12 PM EDT

By: Dale Hinkley

**Dale Hinkley**